# CRIMINAL COURT OF BALTIMORE CITY.

Filed December 15, 1898.

## STATE OF MARYLAND
## VS.
## MICHAEL J. FOX.

*W. Calvin Chesnut* and *James Hewes* for State.

*Thomas C. Ruddell* for traverser.

STOCKBRIDGE, J.—

This case in its pleadings brings again before the Court the consideration of the oleomargarine statutes of this State, more especially Section 89 of Article 27 of the Code by reason of the recent decision of the Supreme Court of the United States in Schollenberger vs. Pennsylvania, 171 U. S. 1.

In that case the oleomargarine in question had been manufactured outside of the State of Pennsylvania, was brought in and offered for sale and sold in the original package and the traverser was sought to be held under the statute of that State directed against the manufacture and sale of oleomargarine. In their facts the Schollenberger case, the Plumley case in 155 U. S. 462, and the case at present under consideration are practically identical. We thus have apparently upon the same state of facts two decisions of the Supreme Court of the United States, in one of which the conviction of the traverser was upheld, and the other in which it was set aside, and yet the later case expressly declares that the former is not overruled. It is thus manifest that to make this condition, which is apparently anomalous possible, there must be a difference, and a radical difference, in the two statutes under which the indictments were found, and, therefore, for the determination of the question now pending in this case, it is material to examine each of those statutes, particularly in comparison with our own statute upon the subject. The statute of Pennsylvania, which is declared void in the Schollenberger case, is by its terms an absolute and complete prohibition of the manufacture or sale of the compound known as oleomargarine, and is in these words: "No person, firm or body corporate, shall manufacture out of any oleaginous substance or any compound of the same, other than that produced from unadulterated milk, or of cream from the same, any article designed to take place of butter or cheese produced from pure unadulterated milk or cream from the same, or of any imitation or unadulterated butter or cheese, nor shall sell or offer for sale or have in his or her or their possession with intent to sell the same as an article of food." Brightley's Purdon's Digest, 12 Edn., Vol. 2, page 1621, Section 1. The Massachusetts Statute which was upheld in Plumley's case is Chapter 58 of 1891, and the first section reads as follows: "Section 1. No person by himself or by his agents or servants shall render or manufacture, sell, offer for sale, expose for sale, or have in his possession with intent to sell, any article, product of compound made wholly or partly out of any fat, oil or oleaginous substance or compound thereof not produced from un-

adulterated milk or cream from the same, which shall be in imitation of yellow butter produced from pure unadulterated milk or cream of the same, provided that nothing in this act shall be construed to prohibit the manufacture or sale of oleomargarine in a separate and distinct form, and in such manner as will advise the consumer of its real character, free from coloration or ingredient that causes it to look like butter."

It will thus be seen, that while the statute of Pennsylvania is an absolute and complete prohibition upon the manufacture, offering for sale, selling or having in possession with intent to sell, the substance called oleomargarine, the Massachusetts statute is an inhibition upon the manufacture, sale or offering for sale, only in so far as the article is an imitation of another article, to wit, dairy butter; that the offense in the one case is the manufacture or selling at all, and in the other, the manufacture, or selling of the article for what it is not, thereby effecting a fraud upon the public. In deciding the Schollenberger case the Supreme Court was careful to draw attention to this distinction of the statute, and there they say that "attention was called in the opinion (in Plumley's case) to the fact that the statute did not prohibit the manufacture or sale of all oleomargarine, but only such as was colored in imitation of yellow butter produced from unadulterated milk or cream of such milk." If free from coloration or ingredient that caused it to look like butter the right to sell it in a separate and distinct form in such manner as would advise the consumer of the real character, was neither restricted nor prohibited. The Court held that under the statute the party was only forbidden to practice in such matters a fraud upon the general public; that the statute seeks to suppress false pretences and to promote fair dealing in the sale of an article of food, and that it compels the sale of oleomargarine for what it really is by preventing its sale for what it is not; that the term "commerce among the States" did not mean a recognition of a right to practice a fraud upon the public in the sale of an article, even if it had become the subject of trade in different parts of the country. It was said that the Constitution of the United States did not take from the States the power of preventing decep-

tion and fraud in the sale within their respective limits of articles, in whatever State manufactured, and that instrument did not secure to any one the privilege of committing a wrong against society. It will thus be seen that the case was based entirely upon the theory of the right of a State to prevent deception and fraud in the sale of any article, and that it was the fraud and deception contained in selling the article for what it was not, and in selling it so that it should appear to be another, and a different article that this right of the State was upheld. Schollenberger's case, pp. 17-18. In the case at Bar, counsel for the traverser argued elaborately and learnedly to show that Section 89 of Article 27 of the Code, under which this indictment was framed is an absolute prohibition, and if such be the case, undoubtedly the rule as laid down in the Schollenberger case would apply, and the demurrer of the State to the special pleas filed by the traverser would have to be overruled. The statute of this State is in the following words: "No person by himself or his agents or servants shall render or manufacture out of any animal fat or animal vegetable oils, not produced from unadulterated milk or cream from the same, any article in imitation or semblance of natural butter or cheese produced from pure unadulterated milk or cream of the same, nor mix compound with or add to milk, cream or butter, any acids or other deleterious substance, or any animal fat or animal or vegetable oils not produced from milk or cream, so as to produce any article or substance, or any human food, in imitation or semblance of natural butter or cheese, nor sell, keep for sale, or offer for sale any article, substance or compound made, manufactured or produced in violation of the provisions of this section, whether such article, substance or compound shall be made or produced in this State, or elsewhere. This section shall not be so construed as to require evidence of a wilful or intentional violation thereof. Whoever violates the provisions of this section shall be guilty of a misdemeanor, and be punished by a fine of not less than one hundred dollars, nor more than five hundred dollars, or not less than six months or more than one year's imprisonment for the first offence, and by imprisonment for one year for each subsequent

offence. Nothing in this section shall impair the provisions of the preceding sections."

By this the gravamen of the offence consists not in the manufacture and sale of the article, but in the manufacture, sale or offering for sale of it, "in imitation or semblance" of natural butter, that is, the section is aimed at the prevention of the perpetration of a possible fraud upon the public. This was the view taken at the time the Kuhleman case was under consideration, and then expressed by the Court in its opinion filed March 31, 1898, and nothing which has been advanced since has in any manner altered the view of the Court as to what was the intent of that section.

This being the case, it follows that the provisions contained in Section 89 of Article 27 of our Code are in consonance with the Massachusetts statute, which was under consideration in Plumley's case, and then sustained by the Supreme Court of the United States, and now directly reaffirmed in Schollenberger's case, and therefore the demurrer of the State to the special pleas filed by the traverser will be sustained.